UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| TERESA EVANS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.: 3:11-CV-230 |
| ) | (VARLAN/GUYTON) |
| STATE OF TENNESSEE DEPARTMENT OF ) | |
| CHILDREN'S SERVICES, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

This civil action is before the Court on Defendants' Motion to Dismiss Plaintiff's ADEA Claims [Docs. 7, 18]. Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, defendants request that the Court dismiss plaintiff's age discrimination claims under the Age Discrimination in Employment Act of 1967 ("ADEA") for lack of subject matter jurisdiction. Plaintiff, proceeding *pro se*, did not file a response, and the time for doing so has passed. *See* E.D. Tenn. L.R. 7.1(a), 7.2. For the reasons explained herein, the Court will grant the motion and dismiss plaintiff's ADEA claims.

**I.     Background**

Plaintiff alleges that she is employed by the State of Tennessee, Department of Children's Services ("DCS") [Doc. 2 ¶ 4]. She alleges, among other things, that she was subject to age discrimination in violation of the ADEA [*Id*. at ¶¶ 1, 4]. In brief, she claims she was demoted because of her age and replaced by a younger, less qualified worker [*Id*. at ¶ 4].

Defendants, collectively, moved to dismiss the ADEA claims [Docs. 7, 18]. They submit that plaintiff has not specified whether she intended to name defendants Courtney Dugger, Renick Colson, Viola Miller, Julie Rotella, and Rob Johnson in their official or individual capacities [Docs. 8, 19]. To the extent they are named in their individual capacities, defendants argue that all claims against them must fail because there is no individual liability under the ADEA or the Civil Rights Act [*Id*.].[1] To the extent they are named in their official capacities, defendants argue that claims against state employees in their official capacities are construed as claims directly against the State agency they serve, here DCS [*Id*.]. With respect to DCS, defendants argue that the claim against the state agency is barred by the Eleventh Amendment [*Id*.]. Thus, defendants submit this Court lacks subject matter jurisdiction and that all of plaintiff's ADEA claims should be dismissed [*Id*.].

## II. Analysis

Federal Rule of Civil Procedure 12(b)(1) governs dismissal of lawsuits for lack of subject matter jurisdiction. "Rule 12(b)(1) motions to dismiss . . . generally come in two varieties: a facial attack or a factual attack." *Gentek Bldg. Prod., Inc. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007). A state's assertion of sovereign immunity constitutes a factual attack. *See Dunn v. Spivey*, No. 2:09-0007, 2009 WL 1322600, at *3 (M.D. Tenn. May 11, 2009). When "considering a factual attack upon the court's jurisdiction, no presumption of truth applies to the plaintiff's factual allegations, and the court is free to

---

[1] As defendants inform the Court that plaintiff's Title VII claim is not a subject of the motion to dismiss, the Court declines to rule on whether any Title VII claim should be dismissed.

2

weigh the evidence and resolve factual disputes so as to satisfy itself as to the existence of its power to hear the case." *Id.* (internal citation and quotation marks omitted). "The entity asserting sovereign immunity has the burden of establishing the applicability of the doctrine." *Id.* (citation omitted).

Although it is unclear in what capacity defendants Renick Colson, Julie Rotella, Courtney Dugger, Viola Miller, and Rob Johnson are sued, to the extent they are sued in their individual capacities, any ADEA claims against them must be dismissed. There is no individual liability under the ADEA. *See Liggins v. Ohio*, 210 F.3d 372, 2000 WL 178420, at *2 (6th Cir. 2000) (finding the district court properly dismissed the plaintiff's ADEA claims against the individual defendants because no individual liability arose under the statute) (citation omitted); *Sabouri v. Ohio Dep't of Educ.*, No. 96-4331, 1998 WL 57337, at *2 (6th Cir. Feb. 2, 1997) (citations omitted).

To the extent Renick Colson, Julie Rotella, Courtney Dugger, Viola Miller, and Rob Johnson are sued in their official capacities, the Court recognizes that claims against state employees in their official capacities are construed as claims against the State agency they serve. *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) ("A suit against an individual in his official capacity is the equivalent of a suit against the governmental entity.") (citation omitted). Plaintiff's complaint identifies each of these individuals as employees of DCS [*See* Doc. 2 ¶ 4].

With respect to DCS, the Court observes that, under the Eleventh Amendment to the United States Constitution, a state may not be sued in federal court unless it has consented

to suit or its immunity has been properly abrogated by Congress. With respect to ADEA claims, the State of Tennessee has not consented to be sued in federal court and Congress has not properly abrogated the states' immunity. *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 91 (2000) (finding the ADEA did not validly abrogate the states' sovereign immunity from suits brought by private individuals); *Latham v. Office of Attorney Gen.*, 395 F.3d 261, 270 (6th Cir. 2005) (same); *Petty v. State of Tenn. Dep't of Children's Servs.*, No. 4:06-CV-37, 2008 WL 53766, at *4 (E.D. Tenn. Jan. 2, 2008) (explaining "[t]here is no doubt that Tennessee has expressly preserved its Eleventh Amendment immunity and that [the] ADEA did not validly abrogate the state's immunity right"). Accordingly, the Court lacks subject matter jurisdiction over any ADEA claims asserted by plaintiff, and the ADEA claims will be dismissed. *See Petty*, 2008 WL 53766, at *4–5 (dismissing ADEA claim for lack of subject matter jurisdiction).

**III. Conclusion**

For the reasons explained above, the Court will **GRANT** Defendants' Motion to Dismiss Plaintiff's ADEA Claims [Docs. 7, 18]. Plaintiff's claims for age discrimination under the Age Discrimination in Employment Act of 1967 will be dismissed.

ORDER ACCORDINGLY.

s/ Thomas A. Varlan  
UNITED STATES DISTRICT JUDGE

4